IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| CURTIS DARNELL BROWN, JR., | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 16-cv-1243-NJR |
| SOUTHERN ILLINOIS UNIVERSITY IN CARBONDALE, and BEYONCE KNOWLES CARTER ROCEFELLER FAMILY, | ) |
| Defendants. | ) |

# MEMORANDUM AND ORDER

**ROSENSTENGEL, District Judge:**

Curtis Darnell Brown, Jr., a *pro se* Plaintiff,[1] filed the complaint in this action pursuant to 42 U.S.C. § 1983. (Doc. 1). Plaintiff also has filed a Motion for Leave to proceed *in Forma Pauperis* ("IFP") (Doc. 2) pursuant to 28 U.S.C. § 1915.

Section 1915 is meant to ensure that indigent litigants have meaningful access to the federal courts, and it applies to non-prisoner plaintiffs and prisoners alike. *Neitzke v. Williams*, 490 U.S. 319, 324 (1989); *Floyd v. United States Postal Serv.,* 105 F.3d 274, 275–77 (6th Cir. 1997) (overruled on other grounds) ("[T]he only logical interpretation of the statute is that non-prisoners have the option to proceed *in forma pauperis* under § 1915(a)."). Under § 1915, an indigent party may commence a federal court action, without paying required costs and fees,

---

[1] Plaintiff drafted the complaint using the standard Southern District of Illinois prisoner *pro se* civil rights complaint form. Section I.A. of the complaint form requests "Plaintiff's mailing address, register number, and present place of confinement." In response, Plaintiff provides a residential mailing address and states "I am no longer confined." (Doc. 1, p. 1). The Court concludes Plaintiff was not a prisoner at the time of filing, and thus the Prison Litigation Reform Act ("PLRA") is not applicable to this case. *Kerr v. Puckett*, 138 F.3d 321, 323 (7th Cir.1998) (determination of a plaintiff's status as a prisoner or non-prisoner, and thus the applicability of the PLRA must be made as of the date the lawsuit is brought).

1

upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and the affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Plaintiff has done so in this case, but the Court's inquiry does not end there.

Section 1915(e)(2) requires careful threshold scrutiny of the complaint filed by an IFP plaintiff. A court can deny a qualified plaintiff leave to file IFP or dismiss a case if the action is clearly frivolous or malicious, fails to state a claim, or is a claim for money damages against an immune defendant. 28 U.S.C. § 1915(e)(2)(B). An action fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). An action is frivolous if it "lack[s] an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim is legally frivolous if it is "based on an indisputably meritless legal theory." *Id.* at 327-328. A claim is factually frivolous if it is "clearly baseless," "fanciful," "fantastic," "delusional," "irrational," or "wholly incredible." *Denton v. Hernandez*, 504 U.S. 24, 32-33 (1992). *See also Felton v. City of Chicago*, 827 F.3d 632, 635 (7th Cir. 2016).

In evaluating whether a complaint is factually frivolous for purposes of the *in forma pauperis* statute, the Court need not "accept without question the truth of the plaintiff's allegations." *Denton*, 504 U.S. at 34. Instead, the statute "accords judges not only the authority to dismiss a claim based on an undisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Neitzke*, 490 U.S. at 325.

For the reasons set forth below, Plaintiff's complaint does not survive review under the above standard.

2

**The Complaint**

According to the complaint, Plaintiff, who was a student at Southern Illinois University in Carbondale, Illinois ("SIUC"), was wrongfully arrested "during finals week." (Doc. 1, p. 5). Plaintiff alleges that his wrongful arrest is the result of a conspiracy or "plot" involving employees at SIUC, as well as "Beyonce Knowles Carter and many other celebrities and famous wealthy people like the Rocefeller [*sic*] Family." (Doc. 1, pp. 1, 5-6).

The purpose of the conspiracy was to prevent Plaintiff from graduating and to allow him to sell cocaine on behalf of SIUC as a way to pay for the basketball program at SIUC (or as a way to pay Plaintiff for playing basketball for SIUC). (Doc. 1, pp. 5-6; Doc. 1-1 p. 1). Plaintiff specifically alleges as follows with regard to the alleged conspiracy:

- The "entire city of Carbondale was taken over by wealthy celebrities and famous people in a proxy to seduce [Plaintiff] to sell cocaine for the institution." (Doc. 1, p. 5).

- "SIU has offered to give [Plaintiff] cocaine in order to play college basketball for the institution. I have refused and because of this they have been taking actions towards me to mess up my career aspirations." (Doc. 1-1, p. 1).

- "[M]ajor recording artist[s] like Beyonce have traveled to the school to harass me and steal my copyrighted work using it for her Lemonade album." (Doc. 1-1, p. 1).

Plaintiff alleges he has been wrongfully arrested multiple times, including a wrongful arrest for damage to a vending machine, all in furtherance of the conspiracy. *Id.* At least one of the wrongful arrests involved a misdemeanor that resulted in Plaintiff serving time in jail. (Doc. 1, p. 6). In addition to the loss of liberty, Plaintiff contends the conspiracy prevented him from graduating, left him homeless, and has interfered with his ability to locate employment. (Doc. 1, Doc. 1-1, p. 2).

A two-page handwritten note attached to the complaint as an exhibit states that Plaintiff

3

currently has an active case due to an arrest at Rehn Hall – Case Number 16-cm-258, Jackson County, Illinois. (Doc. 1-1). A review of publicly available Court records reveals that in 2016 Plaintiff was charged with two class A misdemeanors in Case Number 2016-cm-258 and that a bond forfeiture judgment was entered, as to both charges, on October 11, 2016.[2]

Plaintiff states that he has tried to move forward with this life, however, SIUC and "the town's people" are preventing that. (Doc. 1, pp. 5-6). Accordingly, Plaintiff elected to proceed with a civil action. (Doc. 1, p. 6). In connection with these claims, Plaintiff requests the following relief:

> I would like for the Court to have my case dismissed (dropped). I also want SIU to pay me 2 million dollars and a 2017 Lamborghini Gallardo, and to cover all cost of court and fees including attorney.

(Doc. 1, p. 7). Plaintiff also states that he wants compensation for "wrongful jail-time" and would like "to receive [his] financial economics degree." (Doc. 1-1, p. 2).

## **Merits Review Pursuant to 28 U.S.C. § 1915**

Based on the allegations of the complaint, the Court finds it convenient to characterize the *pro se* action into two counts. The parties and the Court will use these designations in all future pleadings and orders, unless otherwise directed by a judicial officer of this Court. Any other claim that is mentioned in the complaint but not addressed in this Order should be considered dismissed without prejudice.

**Count 1:**   Conspiracy to violate Plaintiff's constitutional rights.

**Count 2:**   Wrongful arrest in violation of the Fourth Amendment.

---

[2] *See* https://www.judici.com/courts/cases/case_search.jsp?court=IL039015J.

For the reasons explained below, this action must be dismissed because Plaintiff's complaint is utterly fantastic. Courts are duty bound to screen *pro se pauper* complaints to make sure the complaint isn't so irrational or delusional as to be a waste of time for all involved, *Dix v. Unknown TSA Agent No. 1*, 588 F. App'x 499 (7th Cir. 2015). The allegations in Plaintiff's complaint clearly cross that line. Plaintiff alleges SIUC and various celebrities took over the town of Carbondale and engaged in a conspiracy, causing Plaintiff's wrongful arrest. Plaintiff further alleges that the purpose of the conspiracy was to prevent Plaintiff from graduating and to encourage Plaintiff to sell cocaine to make money for the SIUC basketball team and/or to pay Plaintiff for playing basketball. These allegations are delusional, irrational, and wholly incredible.

The Court further notes that, even if the complaint were not factually frivolous, it would be subject to dismissal for a number of other reasons. The fundamental theory underlying Plaintiff's requests for damages and injunctive relief is that his underlying arrest is the result of a conspiracy and is based on false charges. To the extent that the case involving the underlying arrest is ongoing (as Plaintiff alleges), Plaintiff's claims are barred by *Younger v. Harris*, 401 U.S. 37 (1971) (a federal court must not take jurisdiction over a federal constitutional claim that might interfere with pending state court proceedings). To the extent that the underlying case has resulted in a conviction, Plaintiff's claims are barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994) (civil rights action for damages for allegedly unconstitutional conviction or imprisonment cannot be maintained unless the judgment of conviction has first been reversed, expunged or declared invalid). Additionally, Plaintiff has not named proper defendants. As to the celebrity defendants, there is no indication that they are state actors. *See Brokaw v. Mercer Cty.*, 235 F.3d 1000, 1009 (7th Cir. 2000). As to SIUC, the suit is barred by the Eleventh Amendment.

*See Cannon v. Univ. of Health Sciences/Chi. Med. Sch.*, 710 F.2d 351, 356 (7th Cir. 1983) (Southern Illinois University and the Board of Trustees of the University of Illinois are state agencies with Eleventh Amendment immunity).

## Disposition

The action is **DISMISSED** with prejudice as factually frivolous. Plaintiff's Motion for Leave to proceed *in Forma Pauperis* (Doc. 2) is **DENIED.** Plaintiff's Motion for Recruitment of Counsel (Doc. 3) is **DENIED as moot.**

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED: April 17, 2017**

_____
**NANCY J. ROSENSTENGEL**
**United States District Judge**